UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY GILLIAM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MA ELIZA CANGGAS GILLIAM, et al.,<br><br>　　　　Defendants. | No. 2:14-cv-02454-MCE-AC<br><br><br>ORDER |

　　　　This matter is before the undersigned pursuant to Local Rule 302(c)(21). Currently before the court is plaintiff's motion for service by publication upon defendant Ma Eliza Canggas Gilliam ("Defendant Canggas") pursuant to California Civil Procedural Code § 415.50. ECF No. 8.

　　　　The Federal Rules of Civil Procedure allow service upon individuals located within the United States according to the law for serving a summons "in the state where the district court is located." Fed. R. Civ. P. 4(e). However, when serving an individual in a foreign country an individual must be served by an "internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Id. at 4(f)(1). "[I]f there is no internationally agreed means, or if an international agreement allows but does not specify other means," then an individual in a foreign country may be served "by [any] method that is reasonably calculated to give notice." Id. at 4(f)(2).

Plaintiff does not allege facts showing that Defendant Canggas is an individual <u>currently</u> in the United States. As noted above, reliance on state law for a method of service is appropriate only when an individual is located within the United States. Fed. R. Civ. P. 4(e)(1). Plaintiff does allege that he has attempted to effect personal service upon Defendant Canggas at her address, 7056 Lyndale Circle, Elk Grove, California 95758 ("the Property"). ECF No. 8, Exh. A at 2. However, it is unclear whether plaintiff is alleging that Defendant Canggas currently resides at the Property. For example, it is impossible to discern from plaintiff's motion whether those who attempted to serve Defendant Canggas had any contact with her at the Property. <u>See</u> <u>id.</u> Further, in a December 9, 2014 motion, plaintiff alleged in no uncertain terms that Defendant Canggas currently resides in the Philippines. ECF No. 6 at 2. Based on these facts the court finds that plaintiff has not established that Defendant Canggas is an individual in the United States. Accordingly, service pursuant to Cal. Code Civ. P. § 415.50 is not appropriate.

If Defendant Canggas currently resides in the Philippines, then service following state law is not permitted and plaintiff must comply with Fed. R. Civ. P. 4(f).

Accordingly, THE COURT HEREBY DENIES plaintiff's motion for service by publication (ECF No. 8) without prejudice.[1]

DATED: January 6, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] Even if plaintiff had clearly alleged that Defendant Canggas was an individual in the United States, the court could not grant his motion. "Service by publication is permissible '<u>only as a last resort</u>.'" <u>Faegin v. LivingSocial, Inc.</u>, No. 14CV00418-WQH-KSC, 2014 WL 5390331, at *1 (S.D. Cal. Oct. 22, 2014) (quoting <u>Donel, Inc. v. Badalian</u>, 150 Cal. Rptr. 855, 858 (Ct. App. 1978)). Under California law, "[a] summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in <u>another manner specified in this article</u>." Cal. Civ. Proc. Code § 415.50 (emphasis added). Plaintiff does not sufficiently allege that he has exercised reasonable diligence in effecting service by all other means. <u>See</u> <u>Sanford v. Smith</u>, 90 Cal. Rptr. 256, 262–63 (Ct. App. 1970) (approving the standards of diligence required by the local rules of Los Angeles Superior Court: recent inquiries of all relatives, friends, and other persons likely to know defendant's whereabouts; searches of city directories, telephone directories, tax rolls, and register of voters; and inquiries made of occupants of all real estate involved in the litigation). For example, plaintiff alleges that every time he has attempted to serve Defendant Canggas at her residence she has refused to answer her door. ECF No. 9, Exh. A at 2. However, it is impossible to tell from plaintiff's allegations whether (1) Defendant Canggas was present at the time; (2) anyone else was present at the time; or (3) Defendant Canggas had any contact with the process servers. Further, plaintiff does not allege that he attempted to contact her family, friends, or anyone else who knows her whereabouts to confirm her location. <u>See</u> <u>Kott v. Superior Court</u>, 53 Cal. Rptr. 2d 215, 221 (1996).