UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY GILLIAM, | No. 2:14-cv-02454-MCE-AC |
| Plaintiff, | |
| v. | ORDER |
| MA ELIZA CANGGAS GILLIAM, et al., | |
| Defendants. | |

This matter is before the undersigned pursuant to Local Rule 302(c)(21). Currently before the court is plaintiff's second motion for service by publication upon defendant Ma Eliza Canggas Gilliam ("Defendant Canggas"). ECF No. 15.

Plaintiff filed his complaint on October 20, 2014. ECF No. 1. Since plaintiff filed his complaint every named defendant but Ma Eliza Canggas Gilliam ("Defendant Canggas") has filed an answer. ECF Nos. 4 & 14. On December 29, 2014, plaintiff filed a motion requesting the court's permission to serve Defendant Canggas by publication in accordance with California Civil Procedural Code § 415.50. ECF No. 8. The court denied plaintiff's motion on January 7, 2015, finding that plaintiff had not established that Defendant Canggas is a person within the United States. ECF No. 10. On January 20, 2015, plaintiff filed a second motion to serve Defendant Canggas by publication, alleging that the Federal Rules of Civil Procedure allow a plaintiff to serve a foreign defendant in accordance with the rules of court of the country where

1

1 that defendant resides. ECF No. 15 at 11. Based on this understanding of the Federal Rules
2 plaintiff argues that the court should grant his motion because Defendant Canggas lives in the
3 Philippines, where service by publication is allowed. Id.

4 Contrary to plaintiff's assertion, the Federal Rules do not authorize service according to
5 any foreign country's rules of court. As the court explained in its December 29, 2014, order the
6 Federal Rules of Civil Procedure allow service upon individuals located in a foreign country by
7 an "internationally agreed means of service that is reasonably calculated to give notice, such as
8 those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial
9 Documents." Fed. R. Civ. P. 4(f)(1) (emphasis added). "[I]f there is no internationally agreed
10 means, or if an international agreement allows but does not specify other means," then an
11 individual in a foreign country may be served "by [any] method that is reasonably calculated to
12 give notice." Id. at 4(f)(2). Plaintiff has not identified what international agreements, if any,
13 apply to service by a party in the United States upon an individual in the Philippines. Nor has
14 plaintiff demonstrated his attempt to comply with the means of service authorized by the Hague
15 Convention, or any other international agreement.

16 Accordingly, THE COURT HEREBY DENIES plaintiff's motion for service by
17 publication (ECF No. 15) without prejudice.

18 DATED: January 21, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE