UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY GILLIAM, | No. 2:14-cv-02454-MCE-AC |
| Plaintiff, | |
| v. | ORDER |
| MA ELIZA CANGGAS GILLIAM, et al., | |
| Defendants. | |

This matter is before the undersigned pursuant to Local Rule 302(c)(21).  Plaintiff filed his complaint in pro se against defendants on October 20, 2014.  ECF No. 1.  His complaint alleges that defendants acted in concert to deny him any contact with his daughter, Lou Eva Gilliam ("Lou Eva").  According to plaintiff, he has been trying for approximately six years to discover the whereabouts of his daughter, who currently lives with his former spouse, Defendant Ma Eliza Canggas Gilliam, in the Philippines.  Plaintiff alleges that defendants' conduct in relation to his daughter is extreme and outrageous and has caused him severe emotional distress.  For the reasons discussed below, the court will order plaintiff to show cause why his complaint should not be dismissed for failure to state a claim under Federal Rule 12(b)(6).

BACKGROUND

Plaintiff and Defendant Canggas were married on December 23, 2006.  ECF No. 1-2 at 4.  By 2008 the couple had separated and plaintiff was paying Defendant Canggas child support.  Id.

1

1  At some point during 2008 Defendant Canggas moved to the Philippines with the couple's
2  daughter.  Id.  The couple then divorced on January 27, 2010.  Id.  During the divorce
3  proceedings, the Sacramento Superior Court held that issues related to custody and visitation of
4  Lou Eva would be determined by a court in the Philippines, which is the child's home country.
5  Id. at 5.  When plaintiff scheduled the matter of child custody to be heard in a Philippine court in
6  March and April of 2009, Defendant Canggas moved in order to divest the court of personal
7  jurisdiction over her.  Id.  On another occasion, plaintiff secured a bench warrant for Defendant
8  Canggas's arrest for failure to appear at her child custody hearing in the Philippines.  Id. at 5–6.
9  When Defendant Canggas was brought before the court, she agreed to work out some sort of
10 custody and visitation agreement with plaintiff.  Id.  With the court's permission, she promised to
11 return for a hearing in two weeks, presumably to finalize a custody arrangement.  Id. at 6.
12 However, Defendant Canggas never appeared.  Id.

13    Plaintiff now brings this lawsuit against Defendant Canggas, claiming her persistent
14 refusal to adjudicate their child custody issues constitutes extreme and outrageous conduct that
15 has caused him severe emotional distress.  Id. at 1.  Plaintiff also alleges that the remaining
16 defendants are liable for assisting Defendant Canggas with her plan to prevent him from finding
17 the whereabouts of his daughter.  Id. at 4.  Defendants Debbie Sue Magistrado, Marsha A.
18 McHugh, and James Robert Gilliam allegedly all know where Defendant Canggas resides but
19 have refused to tell plaintiff.  Id. at 6, 10.  In addition, plaintiff alleges that these defendants have
20 regularly supplied Defendant Canggas with funds to enable her to continue evading plaintiff.  Id.
21 at 6, 11.  Plaintiff further alleges that Defendant J. Christina Alvarez Aulaki assisted Defendant
22 Canggas by neglecting to inform her that hiding Lou Eva from him was a federal crime.  Id.
23 Defendant Aulaki also allegedly supported Defendant Canggas by refusing to answer plaintiff's
24 numerous email requests for her location.  Id. at 9.

25    Throughout this entire period, no custody or visitation order has ever been issued by any
26 court.  Id. at 10, 13.
27 ////
28 ////

2

DISCUSSION

I.     Failure to State a Claim

The court will order plaintiff to show cause why his case should not be dismissed for failure to state a claim in light of the full faith and credit statute, 28 U.S.C. § 1738.

Under Federal Rule of Civil Procedure 12(b)(6), a trial court may dismiss a claim sua sponte "where the claimant cannot possibly win relief." Omar v. Sea–Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987); see also Baker v. Director, U.S. Parole Comm'n, 916 F.2d 725, 726 (D.C. Cir.1990) (per curiam) (adopting Ninth Circuit's position in Omar and noting that such a sua sponte dismissal "is practical and fully consistent with plaintiff's rights and the efficient use of judicial resources").

According to plaintiff's complaint, the Sacramento Superior Court instructed plaintiff and Defendant Canggas to obtain a child custody determination from a court in the Philippines. ECF No. 1-2 at 5. The preclusive effect of a state court judgment in a subsequent federal lawsuit generally is determined by the full faith and credit statute, which provides that state judicial proceedings "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." 28 U.S.C. § 1738. Despite the state court's instruction, plaintiff asks that this court find Defendant Canggas has wrongfully kept his child from him by continually evading service in the Philippines. ECF No. 1-2 at 4–6. However, in order to hold that Defendant Canggas has wrongfully kept his child from him, the court must find that plaintiff has some entitlement to visitation and/or custody. The court cannot do so if it is to give full faith and credit to the order of the Sacramento Superior Court that the custody of Lou Eva be determined by a court in the Philippines.[1]

////

---

[1] In plaintiff's complaint, he insists that he is not seeking a determination of custody/visitation for Lou Eva. ECF No. 1-2 at 3. However, even if he is not requesting a custody determination that does not change the fact that such a determination is necessary in order for him to prevail on his claim. In doing so, the court would have to contravene the order of the Sacramento Superior Court, the full faith and credit statute, 28 U.S.C. § 1738, prohibits it from doing.

Plaintiff's complaint also does not seem to state a cognizable claim for relief. Plaintiff alleges that defendants have engaged in extreme and outrageous conduct that caused him severe emotional distress. ECF No. 1-2 at 1. These allegations do not, in and of themselves, constitute a cause of action. See Gu v. BMW of N. Am., LLC, 33 Cal. Rptr. 3d 617, 622 (2005) (describing the elements of a claim for negligent infliction of emotional distress); Cochran v. Cochran, 76 Cal. Rptr. 2d 540, 543 (1998) (outlining the elements of a claim for intentional infliction of emotional distress).

In light of this order, the court will refrain from ruling on plaintiff's motions related to alternative service, ECF Nos. 18–21, until the order to show cause is disposed of.

II.     Motion for Sanctions

Plaintiff also moves to sanction Defendant Debbie Sue Magistrado for asserting false facts in her opposition to plaintiff's motion for an extension. ECF No. 25. In order to prevail on a Rule 11 motion for sanctions, the moving party must comply with the "safe harbor provision." Fed. R. Civ. P. 11(c)(2). The safe harbor provision gives parties the opportunity to withdraw or correct a challenged filing by requiring a party filing a Rule 11 motion to serve the motion 21 days before filing it. See id. The Ninth Circuit has stated that "[t]he purpose of the safe harbor . . . is to give the offending party the opportunity, within 21 days after service of the motion for sanctions, to withdraw the offending pleading and thereby escape sanctions." Barber v. Miller, 146 F.3d 707, 710 (9th Cir. 1998). Plaintiff does not allege that he ever served his motion for sanctions upon Defendant Magistrado before filing it with this court. Accordingly, his motion must be denied.

Accordingly, THE COURT HEREBY ORDERS that:

1.      Plaintiff shall show cause within twenty-one (21) days why his complaint should not be dismissed for failure to state a claim under Federal Rule 12(b)(6). Plaintiff's response must address the issues discussed in this order;

2.      Defendants shall file optional oppositions within fourteen (14) days of the service of plaintiff's response.

////

4

      3.      Plaintiff's motion for sanctions, ECF No. 25, is DENIED.

DATED: February 26, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE