UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY GILLIAM, | No. 2:14-cv-02454-MCE-AC |
| Plaintiff, | |
| v. | FINDINGS & RECOMMENDATIONS |
| MA ELIZA CANGGAS GILLIAM, et al., | |
| Defendants. | |

On November 18, 2015, the court held a hearing on plaintiff Jerry Gilliam's motion for relief from judgment pursuant to Rule 60(b). Plaintiff appeared telephonically in pro se; Betsy Kimball appeared on behalf of defendant J. Christina Alvarez Aulakh, erroneously sued as J. Christina Alverez Aulaki; and defendants Debbie Sue Magistrado, Marsha A. McHugh, and James Robert Gilliam failed to appear. On review of the motions, the documents filed in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

FACTUAL BACKGROUND

Plaintiff's original complaint alleges as follows. Plaintiff and defendant Ma Eliza Canggas Gilliam ("Canggas") were married on December 23, 2006, and had a child. ECF No. 1-2 at 4. By 2008 the couple had separated and plaintiff was paying Canggas child support. Id. At some point during 2008 Canggas moved to the Philippines with the couple's daughter, Lou Eva.

1

1  Id.  The couple then divorced on January 27, 2010, in Sacramento County.  Id.  During the
2  divorce proceedings the Sacramento Superior Court held that issues related to custody and
3  visitation of Lou Eva would be determined by a court in the Philippines, the child's home
4  country.  Id. at 5.  When plaintiff scheduled the matter of child custody to be heard in a Philippine
5  court in March and April of 2009, Canggas moved in order to divest the local court of personal
6  jurisdiction over her.  Id.  On another occasion, plaintiff secured a bench warrant for Canggas's
7  arrest for failure to appear at her child custody hearing in the Philippines.  Id. at 5–6.  When
8  Canggas was brought before the court, she agreed to work out some sort of custody and visitation
9  agreement with plaintiff.  Id.  With the court's permission, she promised to return for a hearing in
10  two weeks, presumably to finalize a custody arrangement.  Id. at 6.  However, Canggas never
11  appeared.  Id.

12  Plaintiff now brings this lawsuit against Canggas, claiming that her persistent refusal to
13  adjudicate their child custody issues constitutes extreme and outrageous conduct that has caused
14  him severe emotional distress.  Id. at 1.  Plaintiff also alleges that the remaining defendants are
15  liable for assisting Canggas with her plan to prevent him from finding the whereabouts of his
16  daughter.  Id. at 4.  Plaintiff alleges that defendants Debbie Sue Magistrado, Marsha A. McHugh,
17  and James Robert Gilliam all know where defendant Canggas resides but have refused to tell him.
18  Id. at 6, 10.  In addition, plaintiff alleges that they have regularly supplied Canggas with funds to
19  enable her to continue evading plaintiff.  Id. at 6, 11.  Plaintiff also alleges that defendant Aulakh
20  assisted Canggas by neglecting to inform her that hiding Lou Eva from him was a federal crime.
21  Id.  Aulakh also allegedly supported Canggas by refusing to answer plaintiff's numerous email
22  requests for her location.  Id. at 9.  Throughout this entire period, no custody or visitation order
23  has ever been issued by any court.  Id. at 10, 13.  Plaintiff seeks damages for extreme emotional
24  distress and a declaratory judgment that the defendants have acted with outrageous conduct.  Id.
25  at 14.

26  The complaint invokes this court's diversity jurisdiction under 28 U.S.C. § 1332, on
27  grounds that plaintiff resides in Missouri and the defendants (other than Canaggas, who remains
28  unserved because her precise location in the Philippines is unknown to plaintiff) in California.  Id.

at 3.

PROCEDURAL BACKGROUND

Plaintiff filed his original complaint in this matter on October 20, 2014. ECF No. 1. On November 13, 2014, Aulakh filed an answer to plaintiff's complaint. ECF No. 4. On January 15, 2015, the remaining defendants (with the exception of Canggas) filed a joint answer. ECF No. 14. Plaintiff was and is to this day unable to serve Canggas because he does not know her location. On multiple occasions plaintiff has sought the court's permission to pursue alternative modes of service, for example service by publication. ECF Nos. 8, 15. The court denied plaintiff's motions because he could not meet the standards for alternative service.[1] ECF Nos. 10, 16.

On February 27, 2015, the court ordered plaintiff to show cause why his complaint should not be dismissed for failure to state a claim, explaining that the court is precluded from deciding claims that depend upon a custody determination in the hands of the California and Philippine courts. ECF No. 27. On March 10, 2015, plaintiff filed a response to the order to show cause, along with a motion for leave to amend his complaint. ECF Nos. 30, 31. On April 21, 2015, the court considered plaintiff's response (and numerous related filings) and recommended his case be dismissed without leave to amend. ECF No. 45. The court found that while plaintiff's claims did not fall within the Ankenbrandt exception to diversity jurisdiction,[2] abstention was appropriate because his claims turned on the parental rights and custodial status of the parties. Id. at 5–6. Such issues are traditionally decided by state courts and accordingly, federal courts are ill prepared to decide them. Id. (citing Coats v. Woods, 819 F.2d 236, 237 (9th Cir.)). On June 1, 2015, the presiding district judge adopted the court's findings and recommendations in full. ECF No. 49.

On September 8, 2015, plaintiff filed a motion for relief from judgment under Rule 60(b), along with a motion for leave to amend. ECF Nos. 51, 52. On October 7, 2015, the presiding

---

[1] Plaintiff was unable to meet the standards for alternative service in large part because he did not know where Canggas was located, and therefore could not establish that actual notice was reasonably likely. ECF Nos. 10, 16.
[2] f Ankenbrandt v. Richards, 504 U.S. 689 (1992).

1  district judge referred plaintiff's motion to the undersigned. ECF No. 56. Plaintiff then properly
2  noticed his motions before the undersigned on October 15, 2015. ECF No. 58. On November 4,
3  2015, Aulakh filed an opposition to plaintiff's motions. ECF No. 62.

## LEGAL STANDARDS

Rule 60(b) provides for reconsideration of a final judgment or any order where one of more of the following is shown: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within twenty-eight days of entry of judgment; (3) fraud, misrepresentation, or misconduct of an opposing party; (4) voiding of the judgment; (5) satisfaction of the judgment; and (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). A motion for reconsideration on any of these grounds must be brought within a reasonable time, and no later than one year, of the entry of the judgment or the order being challenged. Id.

## DISCUSSION

The court will recommend that plaintiff's motion for relief from judgment be denied because plaintiff satisfies none of Rule 60(b)'s requirements. Plaintiff argues that the court should relieve him from judgment primarily for two reasons: (1) defendants committed fraud upon the court by disingenuously arguing that his claims belong in family court; and (2) he has added claims to his proposed amended complaint that cure its defects. Plaintiff's arguments are unconvincing.

The term "fraud upon the court" is a "nebulous concept," and the Ninth Circuit has held that the phrase "should be read narrowly, in the interest of preserving the finality of judgments." In re Levander, 180 F.3d 1114, 1119 (9th Cir. 1999) (internal quotation marks omitted). To commit fraud upon the court a party's misconduct must "'harm[] the integrity of the judicial process.'" Id. (quoting Alexander v. Robertson, 882 F.2d 421, 424 (9th Cir. 1989). Defendants' argument that plaintiff's claims belong in family court does not meet this standard because it is a legal argument. Legal arguments cannot be misrepresentations for the purposes of fraud

////

////

allegations.[3]  Life Technologies, Inc. v. Clontech Laboratories, Inc., 224 F.3d 1320, 1323, (Fed. Cir. 2000) ("[I]n making the argument the inventors merely advocated a particular interpretation of the teachings of the . . . article . . . which the Examiner was free to accept or reject. This argument does not contain any factual assertions that could give rise to a finding of misrepresentation."); Rowe Int'l. Corp. v. Ecast Inc., 241 F.R.D. 296 (N.D. Ill. 2007) (holding that fraud must relate to a misrepresentation of fact, therefore, a legal argument by a prosecuting attorney that does not misstate material facts, but perhaps provides an insincere opinion, will not provide a bases to invoke the crime-fraud exception).

      Plaintiff's argument that his proposed amended complaint cures the defects in his previous complaint does not fare much better.  Plaintiff argues that by including claims for "interference with a contract;" negligent infliction of emotional distress; civil conspiracy; fraud; "invasion of privacy of plaintiff's right to seclusion in his private affairs;" and "outrageous conduct resulting in extreme emotional distress" he has cured any and all defects in his previous complaint.  ECF No. 51, Plaintiff's Motion to Reopen the Judgment at 5.  The inclusion of these causes of action does not affect the centrality of parental rights and a child custody determination to plaintiff's claims, and accordingly is irrelevant to their dismissal.  In addition, as the court explained at the hearing, plaintiff cannot meet the Rule 60(b) standard by proposing an amended complaint, *even if* that complaint sufficiently addressed the issues that resulted in dismissal of his case.

      Ultimately, plaintiff argues that he should be relieved from the court's judgment because the court misapplied the law.  In so arguing, plaintiff primarily reprises arguments already addressed in the court's April 21, 2015, findings and recommendations.  For example, plaintiff's motion points to a number of cases involving "family kidnappings," i.e. cases where plaintiffs claim relatives have acted to forcibly estrange family members.  ECF No. 51, Plaintiff's Points and Authorities at 3 (citing Rosefield v. Rosefield, 221 Cal. App. 2d 431 (1963); Horowitz v. Sacks, 89 Cal. App. 336 (1928); Hinton v. Hinton, 436 F.2d 211 (D.C. Cir. 1970); Kajtazi v. Kajtazi, 488 F. Supp. 15 (E.D.N.Y. 1978); Pickle v. Page, 252 N.Y. 474 (1930); and Lawyer v.

---

[3] In truth, it cannot even be fairly said that defendants raised this argument, as it was primarily broached *sua sponte* by the court.  See ECF No. 45.

Fritcher, 130 N.Y. 239 (1891)).

In Rosefield, the California Courts of Appeal reversed and remanded a lower court's dismissal of a complaint involving a father and grandfather's abduction of the father's child from her mother. 221 Cal. App. 2d 431, 432–33 (1963). The parents in Rosenfield had recently separated, then attempted a reconciliation, but had not divorced. Id.

In Horowitz v. Sacks the California Courts of Appeal reversed a verdict in favor of the plaintiff, who claimed that the defendants had alienated the affections of his wife (Bessie) by effectively abducting her. 89 Cal. App. 336, 339 (1928). The defendants were members of Bessie's family who claimed that the *plaintiff* was, in fact, the one who abducted her at the time of their engagement for the purpose of getting possession of her money. Id. Defendants stated that at the time of Bessie's engagement to the plaintiff she was not of sound mind and was accordingly induced by the plaintiff to engage him and leave her family. Id.

In Hinton v. Hinton the D.C. Circuit reversed the District Court's grant of summary judgment in the defendants' favor, finding that the plaintiffs had stated a claim for relief and material issues of fact remained. 436 F.2d 211, 212 (D.C. Cir. 1970) aff'd, 492 F.2d 669 (D.C. Cir. 1974). The plaintiffs alleged that their minor child's grandmother was unlawfully harboring him at her residence, while aiding and abetting his delinquent refusal to return home. Id. The D.C. Circuit held that the plaintiffs' allegations stated a claim for the tort of harboring. Id.

In Kajtazi v. Kajtazi the District Court for the Eastern District of New York entered judgment in plaintiff's favor for the abduction and false imprisonment of the plaintiff's child. 488 F. Supp. 15, 21 (E.D.N.Y. 1978). The plaintiff, the child's mother, claimed that the defendants, the child's father and members of his family, abducted the child after the mother and father began divorce proceedings and custody was awarded to the plaintiff. Id. at 17. In explaining the law regarding false imprisonment the court specifically stated that "[t]he unlawful taking or withholding of a minor child *from the custody of the parent entitled to such custody* is a tort. A parent not entitled to custody has no privilege to interfere with the legal custody of the child." Id. at 18 (emphasis added).

In Pickle v. Page the Court of Appeals of New York affirmed the judgment of the lower

court in plaintiff's favor based on allegations that the plaintiff's grandson was abducted by the defendant, a county sheriff, who then gave him over to his mother. 252 N.Y. 474, 475–76 (1930). The plaintiff alleged that both he and his wife had legally adopted their grandson after he was abandoned by his mother as an infant. Id.

Finally, in Lawyer v. Fritcher the Court of Appeals of New York affirmed the judgment of the lower court in the plaintiffs' favor. 130 N.Y. 239, 240–41 (1891). The plaintiffs had asserted a cause of action for abduction and seduction of their seventeen-year-old daughter, who committed suicide after being given to a sixty-year-old man (the defendant) with the expectation that she marry him. Id. The plaintiffs alleged that the defendant, in a series of "interviews" prior to the daughter's abduction, had claimed to be legally divorced from his ex-wife and able to remarry when, in fact, he was not. Id. Based on that misrepresentation the plaintiffs alleged damages based on the "loss of services" of their daughter. Id.

The foregoing cases do not support relief from judgment here, for a number of reasons. First, none of the cited cases are controlling on this court. Moreover, none involves a fact pattern like the one giving rise to the judgment here: plaintiff and his ex-wife are divorced, but no custody order is in place and plaintiff's rights in relation to his daughter remain unadjudicated. Any claim based on the custody of plaintiff's daughter is dependent upon an as-yet-undecided family law issue which is not properly before this court.

The court will also recommend that plaintiff's motion for leave to amend be denied because, as it explained at the hearing, the court lacks jurisdiction to grant leave to amend once judgment has been entered. Accordingly, the court must recommend that plaintiff's motion for leave to amend be denied in light of its recommendation that his motion for relief from judgment be denied.

In summary, the court will recommend that plaintiff's motion for relief from judgement be denied because he has not shown that he meets any of Rule 60(b)'s requirements. Plaintiff's arguments that defendants committed fraud upon the court and his proposal of an amended complaint do not show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within

1  twenty-eight days of entry of judgment; (3) fraud, misrepresentation, or misconduct of an
2  opposing party; (4) voiding of the judgment; (5) satisfaction of the judgment; or (6) any other
3  reason justifying relief.  See Fed. R. Civ. P. 60(b).  What's more, the cases cited by plaintiff in his
4  motion do not, in fact, support the proposition that he is entitled to pursue his claims in this court,
5  despite his assertions to the contrary.  The court will also recommend that plaintiff's motion for
6  leave to amend be denied in light of its recommendation that his motion for relief from judgment
7  be denied.

CONCLUSION

Based on the foregoing, THE COURT HEREBY RECOMMENDS that:

1. Plaintiff's motion for relief from judgement, ECF No. 51, be DENIED; and

2. Plaintiff's motion for leave to amend, ECF No. 52, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.   The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  November 23, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

8